UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY GRZYBOWSKI

      Plaintiff,

                           Case No. 05-71286

-vs-

                           Hon. Patrick J. Duggan

DAIMLERCHRYSLER SERVICES     Magistrate Judge Scheer
NORTH AMERICA, LLC

      Defendant.

_____/

Barry S. Fagan  (P34275)
Dib, Fagan and Brault, P.C.
Attorney for Plaintiff
25892 Woodward Avenue
Royal Oak, MI  48067-0910
(248) 542-6300
(248) 542-6301 - fax
Email: bfagan@dibandfagan.com

Thomas G. Kienbaum  (P15945)
Julia Turner Baumhart  (P49173)
Robert Bruce Brown  (P51378)
Kienbaum, Opperwall, Hardy & Pelton, PLC
Attorneys for Defendant
280 North Old Woodward Avenue
Suite 400
Birmingham, MI  48009
(248) 645-0000

_____/

## **<u>STIPULATED PROTECTIVE ORDER</u>**

      Plaintiff, Gregory Grzybowski, and Defendant, DaimlerChrysler

Services North America, LLC, by and through their attorneys signing

below, stipulate and agree as follows:

IT IS HEREBY ORDERED AS FOLLOWS:

1.     Each of the parties to this action upon whom or which a discovery request, including a subpoena duces tecum, has been or shall be served by any party to this action may designate as "confidential" any documents, hereafter produced, when such materials refer or relate to, or would otherwise disclose, information of a personal, proprietary or confidential business nature.

2.     Any materials designated by a party producing them as "confidential" shall be marked with the following legend:

**"CONFIDENTIAL"**

3.     Material designated "confidential" shall be used by the party receiving the material solely for the prosecution or defense of this action.

4.     Material designated as "confidential" shall be held in confidence by the party requesting the documents and his/its representatives; counsel for that party and professional, clerical, secretarial or other support personnel of such counsel; a person not an attorney retained by that party or counsel to assist in litigation such as an expert, court reporters retained in connection with depositions in this litigation; and, upon agreement between the parties, witnesses at deposition (collectively, the "receiving party"); none of whom shall permit disclosure of the documents, except as set forth in paragraph 7, 8 and/or 9.  The material may also be disclosed to the Court as necessary, including but not limited to pleadings filed with the Court and at proceedings before the Court; in those events, however, the confidential materials shall be subject to seal by the Court, or, if not sealed, shall be returned to the party which originally produced the material before it becomes part of a court file capable of public inspection and/or copying.  The receiving party shall neither grant nor permit any other person to have access to any material designated as "confidential," or inform any other person of the existence of such material or of any of the contents thereof without the prior approval in writing of the party producing such material, or an order of the Court upon written motion with notice to all parties.

5.     The inadvertent failure of a party producing material to designate as "confidential" any document or other material referred to in Paragraph 1 shall not constitute, be construed as, or have the effect of, a waiver of confidentiality.  In addition, the inadvertent disclosure or production by any party of any document protected by the attorney-

client or other privilege or by the attorney work product doctrine shall not constitute, be construed as, or have the effect of a waiver of such privilege or protection.

6.      If any material designated as "confidential" or the contents thereof is inadvertently disclosed to any person not authorized to have access thereto, the party responsible for the inadvertent disclosure shall notify in writing the party which produced the material, with a copy of the notices sent to the Court.  Such notice shall identify by name, address, telephone number, and employer, each unauthorized person to whom disclosure was made, the date of such disclosure, and the surrounding circumstances.  The party responsible for the inadvertent disclosure shall make every good faith effort to recover the confidential material from the unauthorized person and shall advise in writing the Court and the party which produced the material of all efforts made, the date of each effort and the unauthorized person's response.

7.      Confidential material marked as an exhibit in a deposition or other discovery document remains confidential, and may not be disclosed by the receiving party except in accordance with this order.

8.      If a party designates portions of a deposition taken in this case to be "confidential," then the transcript of that portion of the deposition may be used by the opposing party only for purposes of this lawsuit and such transcript portion, and the information contained therein, shall be treated by the opposing party as confidential pursuant to this order.

9.      Materials designated as "confidential" may be used at trial to the extent permitted by the Court.  A receiving party desiring to use material designated by the other party as "confidential" at trial shall notify the producing party of that intention prior to trial.  If agreement concerning the use of such materials at trial cannot be resolved between the parties, the matter shall be resolved by the Court prior to trial, and shall be treated as confidential until the matter is resolved by the Court.

10.     If a party believes that information designated by another party as "confidential" should not be treated as confidential pursuant to this Protective Order, that party may contest the "confidential" designation for such document(s) by providing opposing counsel with written notice as to the specific information being challenged, together with a copy of each document containing such information.  In the event the parties cannot resolve the disagreement, the contesting party may move for an order removing the "confidential" designation from such document(s).  Any information that is subject to a dispute and/or motion as to whether it in fact contains confidential information shall, until further order of the court, be treated as confidential in

accordance with the provisions of this order.

11.    At the conclusion of this action, including the exhaustion of all appeals, the party receiving any materials designated as "confidential" shall return the materials to the party which produced them, pursuant to the producing party's instruction.

                                        s/PATRICK J. DUGGAN
Dated:  August 9, 2005                U.S. District Court Judge
 APPROVED AS TO FORM AND CONTENT:


        Barry S. Fagan    /s/
Barry S. Fagan  (P34275)
Dib, Fagan and Brault, P.C.
Attorney for Plaintiff
25892 Woodward Avenue
Royal Oak, MI  48067-0910
(248) 542-6300


        Julia Turner Baumhart /s/ (w/ consent)
Thomas G. Kienbaum  (P15945)
Julia Turner Baumhart  (P49173)
Robert Bruce Brown  (P51378)
Kienbaum, Opperwall, Hardy & Pelton, PLC
Attorneys for Defendant
280 North Old Woodward Avenue
Suite 400
Birmingham, MI  48009
(248) 645-0000