UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY GRZYBOWSKI,
        Plaintiff,

v.                                                      Case No. 05-71286
                                                        Honorable Patrick J. Duggan

DAIMLERCHRYSLER SERVICES
NORTH AMERICA, LLC,
        Defendant.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on August 11, 2006.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
            U.S. DISTRICT COURT JUDGE

Plaintiff filed this lawsuit against Defendant alleging age and gender

discrimination after Defendant terminated his employment on November 5, 2003.

Defendant thereafter filed a motion for summary judgment, which this Court granted on

May 17, 2005.  Presently before the Court is Plaintiff's motion for reconsideration

pursuant to Rule 7.1(g) of the Local Rules for the Eastern District of Michigan, filed June

9, 2006.  With permission of the Court, Defendant filed a response to Plaintiff's motion

on June 19, 2006.

Rule 7.1(g) provides that a motion for reconsideration only should be granted if the

movant demonstrates that the Court and the parties have been misled by a palpable defect

and that a different disposition of the case must result from a correction of such a palpable

1

defect.  *Id.*  A motion that merely presents the same issues already ruled upon by the

Court shall not be granted.  *Id*.

In his motion for reconsideration, Plaintiff argues that the Court committed a

palpable error by concluding that he was eliminated as part of a workforce reduction.

Plaintiff argues that there was no support for the Court's finding that five employees were

slated for transfer into the Human Resources and Administrative Services Department of

Defendant's company and that with the addition of those five individuals, a workforce

reduction was necessary to reduce the department's headcount to the number approved by

Defendant's Executive Committee for 2004.  Instead, Plaintiff argues that Thomas

Guidugli, the Vice President of the department, proposed adding the five employees as

part of his requested 2004 budget and thus the approved headcount did not require the

reduction of any current employees.  Plaintiff also challenges Guidugli's assertion that the

transfer of these employees was necessary to meet the greater responsibilities Defendant's

Operating Committee approved for the department.

Contrary to Plaintiff's assertion, and consistent with the Court's finding in its May

17, 2006 Opinion and Order, Mr. Guidugli clearly testified that Defendant's Executive

Committee decided, before he submitted his 2004 budget, that the five employees (or at

least their activities) would be transferred to the Human Resources and Administrative

Services Department.  As Mr. Guidugli explained, Defendant's parent company,

DaimlerChrysler Services AG, believed that the Berlin employees should be moved to the

department's headcount for global headcount management purposes.  *See* Def.'s Resp.

2

Ex. C at 26-27.  More specifically, Mr. Guidugli explained that the three Berlin employees primarily worked within his department's region, although they sometimes did work outside the region, and so it was "felt that they should be in our headcount."  *See id.* at 28.  With regard to the employees from Inclusion and Cheers, Mr. Guidugli explained that before he submitted his 2004 budget proposal, the Executive Committee decided that it was best to transfer the Inclusion and Cheers initiatives to his department to have clear accountability for their programs.  *See id.* at 18-19.  Plaintiff may disagree with Defendant's and its parent company's business decision to transfer additional employees to Defendant's Human Resources and Administrative Services Department, but that is not a reason to conclude that Mr. Guidugli's explanation for initiating the workforce reduction was false or that the decision was a pretext to terminate Plaintiff's employment.

In support of his motion for reconsideration, Plaintiff also argues that the Court committed a palpable defect in concluding that he failed to demonstrate pretext. Plaintiff's allegation of error is based on this Court's conclusion that Lorne Todd Thomas, the senior manager of Plaintiff's group within the Human Resources and Administrative Services Department, chose to terminate Plaintiff rather than Lorraine Paoletti– a younger, female employee– based on his conclusion that Ms. Paoletti possessed superior analytical/computer skills.  Plaintiff argues, as he previously did in response to Defendant's motion for summary judgment, that Dr. Thomas' explanation is proven false based on other evidence establishing that, in deciding which employees to select for separation, the senior managers were instructed to complete a critical skill

evaluation form and terminate the employee with the lowest score.  Specifically, Plaintiff

relies on Pamela Kosek's testimony that the critical skill evaluation was the primary

criteria to be used in the selection criteria and Defendant's response to the Michigan

Department of Civil Rights during its investigation of Plaintiff's discrimination claim, in

which Defendant's counsel asserted that Plaintiff had the lowest score and that Ms.

Paoletti "was selected to fill the combined position consistent with the critical skills

analysis."  *See* Pl.'s Mot. at 7 and Kosek Dep. at 47.

　　　While it may have been Ms. Kosek's understanding that the individual with the

lowest score on the critical skills evaluation form should be selected for termination, Dr.

Thomas clearly testified that this was not his understanding of how his selection should

be made and he was the individual in charge of recommending who to terminate within

his group.  *See* 5/17/06 Op. and Order at 15.  Instead, Dr. Thomas focused on the skills

that he believed were most important for the combined position that either Plaintiff or Ms.

Paoletti would assume.  As the Court discussed in its May 17 Opinion and Order, other

supervisors within the Human Resources and Administrative Services Department shared

Dr. Thomas' assessment of Plaintiff with respect to those skills.  *See* 5/17/05 Op. and

Order at 16-17.  Finally, despite Ms. Kosek's testimony regarding her understanding of

how employees should be evaluated, there is evidence showing that, in addition to Dr.

Thomas, senior managers in charge of other groups selected individuals for termination

for reasons other than their scores on the critical skills analysis.  *See* Def.'s Resp. at 11.

　　　As to Defendant's response to the Michigan Department of Civil Rights, the

portion of the response Plaintiff quotes does not contradict Dr. Thomas' stated reason for

selecting Plaintiff rather than Ms. Paoletti for the reduction in force.  Defendant simply

states that the decision was consistent with the critical skills analysis.  *See* Pl.'s Mot. at 7.

As Defendant points out, Defendant's counsel further wrote to the Michigan Department

of Civil Rights:

> [Ms. Paoletti] also was considered the far better candidate for
> the combined job because of the systems-intensive nature of
> the job and [Ms. Paoletti's] exhibited systems knowledge and
> skills, which were significantly stronger than those exhibited
> by [Plaintiff].

*See* Def.'s Resp at 12 (quoting Docket No. 83, Ex. Z).  Thus Defendant's proffered reason

for selecting Plaintiff for the workforce reduction has been consistent.  Although Plaintiff

challenges Dr. Thomas' method for making the selection as being inconsistent with Ms.

Kosek's purported directions, Plaintiff fails to establish that this reason was a pretext for

discrimination.

For the reasons set forth above, the Court concludes that it did not commit a

palpable error or defect in granting Defendant's motion for summary judgment.

Accordingly,

**IT IS ORDERED**, that Plaintiff's Motion for Reconsideration is **DENIED**.

                                s/PATRICK J. DUGGAN
                                UNITED STATES DISTRICT JUDGE

Copies to:
Barry S. Fagan, Esq.
Julia Turner Baumhart, Esq.
Thomas G. Kienbaum, Esq.