UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY GRZYBOWSKI,

       Plaintiff,

v.                                                  Case No. 05-71286
                                                  Honorable Patrick J. Duggan

DAIMLERCHRYSLER SERVICES
NORTH AMERICA, L.L.C.,

       Defendant.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO REVIEW THE ACTION OF THE TAXATION CLERK

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on November 14, 2006.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                      U.S. DISTRICT COURT JUDGE

After Defendant terminated Plaintiff, Plaintiff filed this lawsuit alleging age and gender discrimination. Defendant subsequently filed a motion for summary judgment, which this Court granted on May 17, 2006. Plaintiff filed a motion for reconsideration, which this Court denied on August 11, 2006. Defendant thereafter submitted a Bill of Costs to the Court Clerk. The Court Clerk entered a Taxed Bill of Cost on October 10, 2006, in the amount of $6,989.40. Presently before the Court is Plaintiff's Motion to Review the Action of the Taxation Clerk. In his motion, Plaintiff objects to $943.25 in costs allegedly sought by and awarded to Defendant and, alternatively, asks the Court to

1

use its discretion and deny costs to Defendant entirely.  For the reasons set forth below, Plaintiff's motion is denied.

Plaintiff contends that the Eastern District of Michigan's Bill of Costs Handbook does not permit the taxation of the following costs, which he claims were taxed by the Court Clerk:

> (1) Cost for an expedited copy of the transcript from the April 27, 2006, motion to compel the deposition of Thomas Guidulgi;
>
> (2) Costs associated with e-mailing the transcript as an expedited copy, exhibits, and delivery of Plaintiff's deposition on August 16, 2005;
>
> (3) Costs associated with the videotape deposition, e-mailing the transcript as an expedited copy, exhibits, and delivery of Plaintiff's deposition on November 14, 2005; and,
>
> (4) Costs associated with the videotape deposition, e-mailing the transcript as an expedited copy, exhibits, and delivery of Plaintiff's deposition on March 1, 2006.

*See* Mot. ¶¶ 11-14.  As to the first cost listed above, the Bill of Costs Handbook does not permit costs associated with an expedited copy "produced solely for the convenience of counsel."  *See* Mot. Ex. C at 3.  Defendant demonstrates, however, that it did not request an expedited copy "solely for the convenience" of its counsel; rather it requested an expedited copy out of necessity– i.e. to submit the transcript prior to the hearing on Defendant's motion for summary judgment in order to rebut an assertion raised in Plaintiff's response to the motion.  As to the remaining costs to which Plaintiff objects,

2

Defendant indicates in its response that it did not include those costs in its Bill of Costs and the Court Clerk did not tax them as costs.  The Court therefore finds no merit to Plaintiff's objections to the amount of costs taxed.

Plaintiff alternatively asks the Court to use its discretion and deny Defendant's request for costs entirely.  In support of this request, Plaintiff argues that this case was close and difficult and that it would impose an unreasonable burden upon Plaintiff to tax costs against him.[1]  *See id.* ¶ 17.  Plaintiff asserts: "The complexity of this case is underscored by the voluminous briefs filed by the parties in support of their respective positions."  *See* Br. in Supp. of Mot. at 3.  Plaintiff additionally points to the fact that the Court permitted Defendant to file a response and the Plaintiff to file a reply with respect to Plaintiff's motion for reconsideration.  Finally, Plaintiff encourages the Court to consider "the chilling effect of penalizing the Plaintiff for pursuing his claims which he brought in good faith" and that "[i]t would be an unreasonable burden upon him to be required to pay the costs Defendant is seeking in this matter."  *See id.*  Plaintiff points out

---

[1] The Sixth Circuit has identified several circumstances justifying the denial of an award of costs to the prevailing party: (1) where taxable expenditures are unnecessary or unreasonably large; (2) where the prevailing party should be penalized for unnecessarily prolonging the trial or for injecting nonmeritorious issues into the case; (3) where the prevailing party's recovery is so insignificant that the judgment amounts to a victory for the non-prevailing party; and (4) where the case is "close and difficult."  *Lichter Foundation, Inc. v. Welch*, 269 F.2d 142, 146 (6th Cir. 1959); *United States Plywood Corp. v. Gen. Plywood Corp.*, 370 F.2d 500, 507-08 (6th Cir. 1966).  Plaintiff indicates that he is relying only on the fourth circumstance, in addition to his claim that an award would have a "chilling effect" and would be an unreasonable burden upon him.  *See* Br. in Supp. of Mot. at 2-3.

3

that he "was a devoted employee for Defendant for close to 40 years" and that he is now retired from the corporation.

The Court does not believe that this was an unusually close or difficult case. In this Court's experience, the volume of paper filed in a case generally is not indicative of the complexity of the case. The Court permits a response to a motion for reconsideration, not necessarily because the case is complex, but rather to provide the "prevailing party" the opportunity to address any issues which the prevailing party believes the movant is raising for the first time.

While the Court has sympathy for Plaintiff due to the fact that he worked for Defendant for a substantial number of years prior to being terminated, is retired, and expended funds to pursue an unsuccessful discrimination claim, sympathy is not a proper justification for the Court to exercise its discretion and deny Defendant its requested costs. Additionally, the Sixth Circuit has held that a court abuses its discretion in denying an award of costs to the prevailing party based on the other party's inability to pay his or her costs and his or her good faith in filing the lawsuit. *Goostree v. Tennessee*, 796 F.2d 854, 864 (6th Cir. 1986) (citations omitted). If the Court were to conclude that the potential "chilling effect" of an award of costs justifies the denial of an award to a prevailing defendant, than it would be obligated to deny costs in every non-frivolous lawsuit that is brought where the defendant prevails, a result which this Court believes is contrary to Federal Rule of Civil Procedure 54(d). For these reasons, the Court finds no basis to exercise its discretion and deny Defendant's bill of costs.

Accordingly,

**IT IS ORDERED**, that Plaintiff's Motion to Review the Action of the Taxation Clerk is **DENIED**.

                                       s/PATRICK J. DUGGAN
                                       UNITED STATES DISTRICT JUDGE

Copies to:
Barry S. Fagan, Esq.
Thomas G. Kienbaum, Esq.
Julia Turner Baumhart, Esq.